## AMELIA COUNTY CIRCUIT COURT

FRANK BOOKER, JR. :
13015 Five Forks Road :
Amelia, VA 23002 :
                Plaintiff, :
                           :
      V. :      Civil Action No. : <u>CL09-87</u>
                           :
DOMINION VIRGINIA POWER :
4701 Cox Road :      COMPLAINT
Glen Allen, VA 23060 :
                           :
TDS TELECOMMUNICATIONS CORP. :
CO SERVICE COMPANY :
11 South 12th Street :      JURY TRIAL DEMANDED
P.O. Box 1463 :
Richmond, VA 23218 :
                           :
MARK BERTSCH :
(Individual and Official Capacity) :
800 K Street N.W. Ste 500 :
Washington, DC 20001 :
                Defendants. :

## JURISDICTION AND PARTIES

1. Plaintiff Frank Booker, Jr. is a resident of the County of Amelia, Virginia.

2. Defendant Dominion Virginia Power is a resident of Richmond Virginia who has minimum contacts with Amelia County. Defendant Dominion Virginia Power ("Dominion") caused an act or event to occur in the state of Virginia out of which Plaintiff claims arose.

3. Defendant TDS Telecommunications Corp. ("TDS") is a resident of Richmond, Virginia who has minimum contacts with Amelia County. Defendant TDS caused an act or event to occur in the state of Virginia out of which Plaintiff claims arose.

1

EXHIBIT 2

4. Defendant Mark Bertsch is a resident of the state of Virginia who is employed with the Drug Enforcement Administration. Bertsch maintains minimum contacts with Amelia County. Bertsch caused an act or event to occur in the state of Virginia out of which Plaintiff claims arose.

5. This Court has jurisdiction of this matter because the parties described herein maintained minimum contacts with this county at all times relevant hereto; the Complaint involves legal and equitable causes of action that can be adjudicated under this Court's general jurisdiction. Also, Jurisdiction is proper under 42 U.S.C. § 1983 because a law enforcement officer deprived Plaintiff of a civil right secured by the Constitution.

## GENERAL ALLEGATIONS

6. In May of 2008, Special Agent Mark Bertsch of the Drug Enforcement Administration faxed a subpoena to Dominion and TDS for personal records that related to Plaintiff.

7. In response to the alleged faxed subpoena, Dominion faxed records relating to power use records for Plaintiff's real property located at 13015 Five Forks Road, Amelia, VA 23002.

8. In response to the alleged subpoena, defendant TDS furnished Agent Bertsch with private information relating to a private phone account that Plaintiff had with TDS.

9. The power records that Agent Bertsch received from Dominion had Plaintiff's social security number on it and disclosed how much power that Plaintiff used between December 2007 and May 2008.

10. Based upon the foregoing information received from Dominion, Agent Bertsch was able to induce a Federal Magistrate Judge in the United States District Court for the Eastern District of Virginia to issue a search warrant for Benjamin Thompkins' home located at 13011 Five Forks Road, Amelia, Virginia for suspicion of an indoor marijuana cultivation operation.

11. On or about November 20, 2008, while under oath, agent Bertsch testified in the Unites Stated District Court for the Eastern District of Virginia, before the Honorable Robert E. Payne that said agent "faxed" a subpoena to Dominion for power use records of Plaintiff's residence and received the requested records.

12. Upon information and belief, Dominion does not honor "faxed" subpoenas and notwithstanding, furnished Agent Bertsch with private information that related to Plaintiff.

13. Based upon the actions of defendants and each of them, Plaintiff's personal information about his private business affairs with defendant Dominion and defendant TDS was illicitly made public. Plaintiff experiences anxiety and humiliation behind the invasion of his private life. Plaintiff suffered these and other damages as a result of the defendants and each of their negligent management and intrusion of Plaintiff's private life.

14. Upon information and belief, defendants and each of them failed to act with reasonable care and was negligent in providing Agent Bertsch with Plaintiff's private power records. Defendant Bertsch was reckless based upon his willful intrusion upon Plaintiff's private rights. Defendants' negligence and invasion of privacy was a proximate cause of the harm Plaintiff has suffered.

## CAUSES OF ACTION

15. Plaintiff is entitled to recover damages from defendants and each of them based on the theories of liability hereinafter enumerated in Counts I through V, and under such other theories of liability as may be appropriate based upon the facts as alleged herein or as revealed during discovery.

### COUNT I – NEGLIGENCE

16. Defendant' Dominion had a duty to Plaintiff to act with reasonable care in providing reasonably safe keeping of Plaintiff's private power records, and particularly by not disseminating Plaintiff's private information to an unauthorized person. Dominion failed to act with reasonable care toward Plaintiff, and breached such duty by, among other things, failing to secure and maintain Plaintiff's private power records in a reasonable manner so as to prevent unauthorized use, and upon information and belief, allowing Agent Bertsch to gain access and possession of private power records in relation to Plaintiff.

17. As a proximate result of the conduct of Dominion alleged herein, Plaintiff has been damaged in an amount which Plaintiff will prove.

18. Defendant TDS had a duty to Plaintiff to act with reasonable care in providing reasonably safe keeping of Plaintiff's private subscriber information and phone records, and particularly by not disseminating Plaintiff's private information to an unauthorized person. TDS failed to act with reasonable care toward Plaintiff, and breached such duty by, among other things, failing to secure and maintain Plaintiff's private phone records and delicate subscriber information in a reasonable manner so as to prevent unauthorized

use, and upon information and belief, allowing Agent Bertsch to again access and possession of private phone records in relation to Plaintiff.

19. As a proximate result of the conduct of each defendant alleged herein, Plaintiff has been damaged in amount which Plaintiff will prove.

20. Defendant Mark Bertsch had a duty to Plaintiff to act with reasonable care in respecting Plaintiff's privacy by not unlawfully procuring Plaintiff's power use records, maintained by Dominion and Plaintiff's personal phone records, maintained by TDS, and particularly by not disseminating Plaintiff's private information to members of the general public. Agent Mark Bertsch failed to act with reasonable care toward Plaintiff, and breached such duty by, among other things, failing to refrain from unlawful solicitation and dissemination of Plaintiff's private records so as to prevent unauthorized use, and upon information and belief, allowing third persons to gain access and possession of Plaintiff's private records.

21. As a proximate result of the conduct of Agent Mark Bertsch alleged herein, Plaintiff has been damaged in amount which Plaintiff will prove.

### COUNT II – INVASION OF PRIVACY
### PUBLIC DISCLOSURE OF PRIVATE FACTS

22. In committing the acts alleged herein, Dominion and TDS electronically transmitted private information about Plaintiff to location where a bevy of people reviewed Plaintiff's private records. Agent Mark Bertsch presented Plaintiff's records to an enormous public crowd in an effort to make it appear to the public that Plaintiff's power use records were an example of why Plaintiff's neighbor Benjamin Thompkins was operating an illegal marijuana cultivation scheme.

23. As a proximate result of the conduct of Dominion and TDS alleged herein,

Plaintiff has been damaged in amount which Plaintiff will prove.

## COUNT III – DECLARATORY JUDGMENT

24. Plaintiff seeks a declaratory judgment from this Court declaring that defendants Dominion and TDS:

    a. did not have the authority to fulfill a "faxed" subpoena; and

    b. did violate Plaintiff's right of privacy when they unlawfully furnished Plaintiff's private records to Agent Mark Bertsch.

## COUNT IV – DEPRIVATION OF CIVIL RIGHTS
### (Against Agent Mark Bertsch)

25. Plaintiff incorporates ¶'s 1-24 and reassert those facts where appropriate in this Count.

26. In committing the acts alleged herein, Agent Mark Bertsch has severely abridged Plaintiff Fourth Amendment right under the Constitution of the United States. Under 42 U.S.C. § 1983, Agent Mark Bertsch is liable to Plaintiff because Agent Bertsch deprived plaintiff of his privacy while acting under color of state law.

27. As a proximate result of the conduct of Agent Bertsch alleged herein, Plaintiff has been damaged in an amount which Plaintiff will prove.

## COUNT V – PUNITIVE DAMAGES

28. The conduct, acts, and omissions of defendants and each of them alleged herein were in part intentional and in part evinced a reckless and callous disregard for Plaintiff's interest, were consciously malicious or negligent, and displayed a conscious or unconscious disregard for the unjustifiable substantial risk of harm to Plaintiff.

29. Plaintiff is entitled to receive punitive damages.

**WHEREFORE,** Plaintiff requests that the Court enter judgment in favor of Plaintiff and against defendants and each of them as follows:

 a. For general and special damages in the amount of $10,000,000.

 b. For punitive damages in an amount which Plaintiff will prove.

 c. For Plaintiff's reasonable cost incurred herein.

 d. For such other and further relief the Court deems just.

**DATED this 5th day of October, 2009.**

Respectfully submitted,

*Frank Booker Jr.*
FRANK BOOKER, Jr., Plaintiff
13015 Five Forks Road
Amelia, VA 23002