VIRGINIA:

IN THE CIRCUIT COURT FOR AMELIA COUNTY

FRANK BOOKER, JR.      :
            Plaintiff,  :
                        :
    v.                 :    Case No. CL09-87
                        :
DOMINION VIRGINIA POWER, ET AL.:
                        :
            Defendants.  :
                        :

## MOTION TO SEAL RECORD

Plaintiff Frank Booker,Jr., pro se and hereby moves respectfully for an order from the Court or the Clerk sealing the record. Plaintiff intends to submit relevant documentation as exhibits in support of his opposition to the dispositive motions filed in this matter. The exhibits show personal information about Plaintiff such as his social security number etc... The documentation is necessary in order for this action to move forward unless the Court rules otherwise.

For the foregoing reasons, Plaintiff prays that the Court grant this motion.

RESPECTFULLY SUBMITTED 19th day of November, 2009.

*Frank Booker Jr*
FRANK BOOKER, JR. Plaintiff
13015 FIVE FORKS ROAD
AMELIA, VA 23002

-1-

EXHIBIT

3

VIRGINIA:

IN THE CIRCUIT COURT FOR AMELIA COUNTY

FRANK BOOKER, Jr.                    :
             Plaintiff,              :
                                     :
     v.                              :     Case No. CL09-87
                                     :
DOMINION VIRGINIA POWER, et al.,     :
                                     :
             Defendants.             :

## MOTION FOR ENLARGEMENT OF TIME

Plaintiff Frank Booker, Jr., pro se and hereby respectfully moves the Court for an enlargement of time in order to file his opposition to defendant Dominion Virginia Power ("Dominion") and TDS TELECOMMUNICATIONS CORP. CO. SERVICE COMPANY ("TDS"), dispositive motions. In support hereof, Plaintiff states unto the Court as follows:

Plaintiff filed this civil action against various defendant's for damages resulting from defendants and each of them disseminating Plaintiff's private information to unauthorized individuals. In response the Plaintiff's Complaint, defendant Dominion and TDS filed dispositive motions to dismiss. Dominion also filed a Motion Craving Oyer, which Plaintiff does not object to. In any event, Plaintiff wishes to procure relevant documentation that relates to this matter and present a redacted version of such documentation into the record upon order of this Court.



-1-

The documentation that Plaintiff would like to present along
with his motion to oppose  relates to documentation furnished
by Dominion to defendant Mark Bertsch. The information that Dominion
gave to defendant Bertsch revealed Plaintiff's "social security"
number, inter alia. At the time Plaintiff filed his complaint,
Plaintiff believed such information to be highly sensitive and
did not submit it with the complaint. In fact, Plaintiff has
submitted a motion to seal the records of this case in an effort
to protect his personal information. Also, Plaintiff has submitted
a motion requesting that he be permitted to submit a redacted
or truncated version of the document showing his social security
number, even though defendants Dominion and Bertsch has recklessly
caused this information to be disseminated into the community.

Finally, Plaintiff is working diligently to obtain a copy
of the so-called subponea that Dominion received from defendant
Bertsch before it gave defendant Bertsch documentation in relation
to Plaintiff's private life. So far, this document has been difficult
to procure from Dominion because personnel within Dominion's legal
department has asserted that it does not honor "faxed" subponeas.
In any event, it is evident that defendant Bertsch never "faxed" a
subponea to Dominion because had he did, Dominion would presumptively
taken the same course as defendant TDS and submitted a copy of the
alleged faxed subponea in its dispositive motion. Whatever Dominion's
motives were by its failure to produce a copy of the so-called faxed
subponea, a continuance is needed so that Plaintiff may appropriately
address each dispositive motion in order to set the record straight.

For the foregoing reasons, Plaintiff prays that this motion is granted.

RESPECTFULLY SUBMITTED this 18th day of November, 2009.

*Frank Booker Jr*
FRANK BOOKER, Jr., Plaintiff
13015 FIVE FORKS ROAD
AMELIA, VA 23002

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Motion for Enlargement of Time was mailed by first class mail, postage pre-paid on this 19th day of November, 2009, upon the following:

Virginia Electric & Power Company
Setliff & Holland, P.C.
4940 Dominion Boulevard
Glen Allen, Va 23060-6766

Counsel for defendant Dominion

TDS TELECOMMUNICATIONS CORP.
CO. SERVICE COMPANY,
HUNTON & WILLIAMS, LLP
RIVERFRONT PLAZA, EAST TOWER
951 EAST BYRD STREET
RICHMOND, VA 23219-4074

Counsel for TDS

Robin Perrin, Esq.
Assistant United States Attorney
OFFICE OF THE UNITED STATES ATTORNEY
600 EAST MAIN STREET, SUITE 1800
RICHMOND, VA 23219

Counsel for Mark Bertsch

FILE COPY

VIRGINIA:

## IN THE CIRCUIT COURT FOR AMELIA COUNTY

| | |
|---|---|
| FRANK BOOKER, JR. | ) |
|        Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| DOMINION VIRGINIA POWER, | ) |
| | )    Case No. CL09-87 |
| TDS TELECOMMUNICATIONS CORP. | ) |
| CO. SERVICE COMPANY, | ) |
| | ) |
| and | ) |
| | ) |
| MARK BERTSCH | ) |
| (Individual and Official Capacity), | ) |
| | ) |
|        Defendants. | ) |

### DEMURRER OF
### VIRGINIA ELECTRIC AND POWER COMPANY D/B/A
### <u>DOMINION VIRGINIA POWER</u>

Virginia Electric and Power Company d/b/a Dominion Virginia Power

("Dominion Virginia Power"), by counsel and pursuant to Va. Code § 8.01-273, demurs

to the Complaint of Plaintiff Frank Booker, Jr., and each count therein, on the grounds

that Plaintiff fails to state a cause of action and fails to state facts upon which the relief

demanded can be granted.  In support of its demurrer, Dominion Virginia Power states as

follows:

     1.     Virginia law does not impose upon Dominion Virginia Power the duties

stated within Paragraph 16 of Plaintiff's Complaint.

1

2.    Plaintiff fails to allege facts establishing any duty owed by Dominion Virginia Power to Plaintiff.

3.    Plaintiff fails to allege facts establishing that Dominion Virginia Power breached any duty owed to Plaintiff.

4.    Plaintiff fails to allege facts establishing that Dominion Virginia Power's alleged breach of duty to Plaintiff was the cause in-fact or proximate cause of any damage to Plaintiff.

5.    Plaintiff fails to allege facts establishing that Dominion Virginia Power is responsible for any damages suffered by Plaintiff.

6.    Plaintiff fails to allege facts establishing that Plaintiff had a reasonable expectation of privacy in the information Dominion Virginia Power allegedly provided to Special Agent Bertsch of the Drug Enforcement Administration pursuant to the subpoena that Agent Bertsch served upon Dominion Virginia Power.

7.    Plaintiff lacks standing under Virginia law to seek a declaratory judgment on the grounds listed in Paragraph 24 of Plaintiff's Complaint.

8.    Plaintiff fails to allege facts establishing that Dominion Virginia Power responded in an unlawful manner to the subpoena allegedly served upon Dominion Virginia Power by Special Agent Bertsch.

9.    To the contrary, Dominion Virginia Power acted appropriately regarding the subpoena at issue. See 21 U.S.C. § 876 (authorizing the Attorney General or his designee to issue subpoenas in any investigation relating to a Federal controlled substance offense); 28 C.F.R. § 0.100, Subpart R (delegating the Attorney General's functions vested in him by the Controlled Substances Act, including issuance of

subpoenas pursuant to 21 U.S.C. § 876 to the DEA Administrator); 28 C.F.R. § 0.100,

Appendix to Subpart R (re-delegating the DEA Administrator's authority to issue

administrative subpoenas to DEA personnel, including Special Agents in Charge,

Associate Agents in Charge, Resident Agents in Charge, and Diversion Program

Managers).

    10.    Plaintiff fails to state any claim against Dominion Virginia Power upon

which relief may be granted.

    **WHEREFORE**, Virginia Electric and Power Company d/b/a Dominion Virginia

Power respectfully requests that the Court grant its demurrer to Plaintiff's Complaint,

dismiss the Complaint with prejudice, and grant such other relief that the Court deems

necessary and appropriate.  Dominion Virginia Power reserves the right to amend its

Demurrer pursuant to the resolution of its Motion Craving Oyer, contemporaneously filed

herewith.

**VIRGINIA ELECTRIC AND POWER COMPANY,
D/B/A DOMINION VIRGINIA POWER**

BY: _____

Andrew G. Mauck, VSB No. 35177
Jennifer L. Morris, VSB No. 75214
Setliff & Holland, P.C.
4940 Dominion Boulevard
Glen Allen, VA 23060-6766
(804) 377-1264
(804) 377-1284 (fax)

John D. Sharer, VSB No. 36677
Law Department – RS-2

3

Dominion Resources Services, Inc.
P.O. Box 26532
Richmond, VA 23261-6532
(804) 819-2271
(804) 819-2183

*Attorneys for*
*Virginia Electric and Power Company*

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of November, 2009, a true and accurate copy

of the foregoing pleading was mailed by first class mail, postage prepaid, to Frank

Booker, Jr., 13015 Five Forks Road, Amelia, VA 23002, TDS Telecommunications

Corporation, 11 South 12th Street, P.O. Box 1463, Richmond, VA 23218, and Special

Agent Mark Bertsch, U.S. Drug Enforcement Administration, Washington Division,

Suite 500, 800 K Street N.W., Washington, DC 20001.

4

FILE COPY

VIRGINIA:

IN THE CIRCUIT COURT FOR AMELIA COUNTY

| | |
|---|---|
| FRANK BOOKER, JR. | ) |
|      Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| DOMINION VIRGINIA POWER, | ) |
| | )    Case No. CL09-87 |
| TDS TELECOMMUNICATIONS CORP. | ) |
| CO. SERVICE COMPANY, | ) |
| | ) |
| and | ) |
| | ) |
| MARK BERTSCH | ) |
| (Individual and Official Capacity), | ) |
| | ) |
|      Defendants. | ) |

## MOTION CRAVING OYER OF
## VIRGINIA ELECTRIC AND POWER COMPANY D/B/A
## DOMINION VIRGINIA POWER

Virginia Electric and Power Company d/b/a Dominion Virginia Power

("Dominion Virginia Power"), craves oyer in this matter on the grounds that the

Complaint of Plaintiff Frank Booker, Jr. identifies and relies upon, but fails to include, a

subpoena allegedly sent by fax to Dominion Virginia Power by Special Agent Mark

Bertsch of the Drug Enforcement Administration and the responses provided by

Dominion Virginia Power to that subpoena.  In support of its Motion, Dominion Virginia

Power states as follows:

    1.    Plaintiff alleges that Dominion Virginia Power negligently provided

Plaintiff's electric power usage records to the Drug Enforcement Administration in

response to a subpoena served by Agent Bertsch, thereby invading his privacy. Plaintiff claims compensatory and punitive damages.

    2.    Plaintiff's claim is based entirely on the subpoena and the records produced in response to the subpoena. Plaintiff nonetheless fails to include them in his Complaint.

    3.    The Supreme Court of Virginia recognizes that where a party's claim rests upon a governing document and the party fails to include it within its pleadings, a motion craving oyer is appropriate. When such a motion is granted, the court may then properly consider the instrument in a ruling on a demurrer. *See Ward's Equipment, Inc. v. New Holland North America, Inc.*, 254 Va. 379, 382-83, 493 S.E.2d 516, 518 (1997); *see also Langhorne v. Richmond Ry. Co.*, 91 Va. 369, 372, 22 S.E. 159, 160 (1895) (asserting a party may appropriately crave oyer of a deed of trust when the other party's pleading relies upon such deed in its allegations); *Stromberg Sheet Metal Works, Inc. v. United States Fidelity & Guaranty Co.*, 71 Va. Cir. 122, 124 n.1 (Fairfax County 2006) (acknowledging contract between litigant parties was made part of Motion for Judgment as a result of defendant's Motion Craving Oyer); *Sjolinder v. American Enter. Solutions, Inc.*, 51 Va. Cir. 436, 437 (2000) (noting that "[c]raving oyer requires a plaintiff to make part of their pleadings any documents which form the basis of the plaintiff's cause of action.") (*citing* Burks, COMMON LAW AND STATUTORY PLEADING AND PRACTICE, § 322 (Michie, 1952); *Spiller v. James River Corp.*, 32 Va. Cir. 300 (1993)).

    4.    It is necessary and proper that the subpoena and the responsive records be produced, that oyer be taken of them, and that they become *per se* a matter of

record for the consideration of this Court on Dominion Virginia Power's demurrer and

for all other purposes as if copied at large in Plaintiff's Complaint.

WHEREFORE, for the foregoing reasons, Virginia Electric and Power

Company d/b/a Dominion Virginia Power respectfully requests that the Court grant its

Motion Craving Oyer, order that a complete copy of the subpoena and responsive records

be filed in this matter and deemed an exhibit to Plaintiff's Complaint; and grant such

other relief that the Court deems necessary and appropriate.

VIRGINIA ELECTRIC AND POWER COMPANY,
D/B/A DOMINION VIRGINIA POWER

BY:

Andrew G. Mauck, VSB No. 35177
Jennifer L. Morris, VSB No. 75214
Setliff & Holland, P.C.
4940 Dominion Boulevard
Glen Allen, VA 23060-6766
(804) 377-1264
(804) 377-1284 (fax)

John D. Sharer, VSB No. 36677
Law Department – RS-2
Dominion Resources Services, Inc.
P.O. Box 26532
Richmond, VA 23261-6532
(804) 819-2271
(804) 819-2183

*Attorneys for*
*Virginia Electric and Power Company*

3

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of November, 2009, a true and accurate copy of the foregoing pleading was mailed by first class mail, postage prepaid, to Frank Booker, Jr., 13015 Five Forks Road, Amelia, VA 23002, TDS Telecommunications Corporation, 11 South 12th Street, P.O. Box 1463, Richmond, VA 23218, and Special Agent Mark Bertsch, U.S. Drug Enforcement Administration, Washington Division, Suite 500, 800 K Street N.W., Washington, DC 20001.

4

**VIRGINIA:**

## IN THE CIRCUIT COURT FOR THE COUNTY OF AMELIA

| | | |
|---|---|---|
| FRANK BOOKER, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. CL09-87 |
| | ) | |
| DOMINION VIRGINIA POWER, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## DEMURRER, MOTION TO DISMISS, AND PLEA IN BAR
## OF TDS TELECOMMUNICATIONS CORPORATION

Defendant TDS Telecommunications Corporation (TDS), by counsel, moves to dismiss the Complaint, insofar as it asserts claims against TDS, on the grounds that it does not state a claim on which relief can be granted and is barred in whole by 18 U.S.C. § 2703(e). TDS states as follows in support of this demurrer, motion to dismiss, and plea:

1.     The Complaint alleges that "Special Agent Mark Bertsch of the Drug Enforcement Administration faxed a subpoena to . . . TDS for personal records that related to Plaintiff." Complaint, ¶ 6.

2.     The Complaint further alleges that "In response to the alleged subpoena, defendant TDS furnished Agent Bertsch with private information relating to a private phone account that Plaintiff had with TDS." Complaint, ¶ 8.

3.      Based on these allegations, the Complaint asserts counts for negligence, invasion of privacy/public disclosure of private facts, declaratory judgment, and punitive damages. Complaint, Counts I, II, III, and V.[1]

4.      The subpoena, a copy of which is attached to this pleading as Exhibit A, states that it was served on TDS pursuant to 18 U.S.C. § 2703(c)(2).

5.      The Complaint does not allege that the subpoena was invalidly issued, that TDS had a policy against honoring faxed subpoenas, or that TDS was not within its rights to accept service of the subpoena via fax. Insofar as the Complaint seeks to assert a claim against TDS for accepting service of the subpoena by fax, the right to insist on service by a particular means is a right personal to TDS which plaintiff lacks standing to assert or challenge.

6.      Section 2703(c)(2) of Title 18 provides that:

A provider of electronic communication service or remote computing service shall disclose to a governmental entity the—

(A)     name;

(B)     address;

(C)     local and long distance telephone connection records, or records of session times and durations;

(D)     length of service (including start date) and types of service utilized;

(E)     telephone or instrument number or other subscriber number or identity, including any temporarily assigned network address; and

(F)     means and source of payment for such service (including any credit card or bank account number), of a subscriber to or customer of such service when the governmental entity uses an administrative subpoena authorized by a Federal or State statute or a Federal or State grand jury or trial subpoena or any means available under paragraph (1).

7.      Section 2703(c)(3) of Title 18 provides that "A governmental entity receiving records or information under this subsection is not required to provide notice to a subscriber or customer."

---

[1] Count IV by its terms is asserted only against Special Agent Bertsch.

8.      Section 2703(e) of Title 18 provides that:

**No Cause of Action Against a Provider Disclosing Information Under This Chapter.**— No cause of action shall lie in any court against any provider of wire or electronic communication service, its officers, employees, agents, or other specified persons for providing information, facilities, or assistance in accordance with the terms of a court order, warrant, subpoena, statutory authorization, or certification under this chapter.

9.      All of the counts asserted against TDS are based on the allegations in the Complaint that "defendant TDS furnished Agent Bertsch with private information," that the information related "to a private phone account that Plaintiff had with TDS," and that TDS provided the information "In response to the alleged subpoena."

10.      These allegations make clear that the claims Plaintiff is asserting against TDS are claims against a "provider of wire or electronic communication service . . . for providing information . . . in accordance with the terms of a . . . subpoena . . . under this chapter."

11.      As such, these allegations bring the Complaint squarely within the scope of 18 U.S.C. § 2703(e). That section bars this action and establishes that Plaintiff cannot state a claim against TDS.

WHEREFORE, the Court should dismiss the Complaint insofar as it asserts any claims against TDS. TDS also requests its costs and fees, including attorneys' fees, incurred in bringing this motion and opposing this lawsuit.

Respectfully submitted,

TDS TELECOMMUNICATIONS CORPORATION

By: _____
                        Counsel

W. Jeffery Edwards (VSB# 20719)
William H. Wright, Jr. (VSB #25576)
HUNTON & WILLIAMS, LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219-4074
Telephone: (804) 788-8200
Facsimile: (804) 788-8218

Counsel for TDS Telecommunications Corporation

## CERTIFICATE OF SERVICE

I certify that on November 6, 2009, a copy of the foregoing **DEMURRER,**

**MOTION TO DISMISS, AND PLEA IN BAR OF TDS TELECOMMUNI-**

**CATIONS CORPORATION** was served by mail on:

> Frank Booker, Jr.
> 13015 Five Forks Road
> Amelia, Virginia 23002
>
> Plaintiff
>
> -and
>
> Robin Perrin, Esq.
> Assistant United States Attorney
> OFFICE OF THE UNITED STATES ATTORNEY
> 600 East Main Street, Suite 1800
> Richmond, Virginia 23219
>
> Counsel to Defendant Mark Bertsch

## EXHIBIT A

## U.S. DEPARTMENT OF JUSTICE/DRUG ENFORCEMENT ADMINISTRATION
## SUBPOENA

In the matter of the investigation of
Case No: GZ-06-0014
Subpoena No. GZ-08-78809

**TO: TDS TELECOM**            Phone: 608-664-4159
**ATTN:**                        FAX:608-299-3743
**AT: 525 JUNCTION ROAD**
**MADISON WI 53717**

**GREETING:** By the service of this subpoena on you by SA Mark Bertsch who is authorized to serve it, you are hereby commanded and required to appear before SA Mark Bertsch, an officer of the Drug Enforcement Administration to give testimony and bring with you and produce for examination the following books, records, and papers at the time and place hereinafter set forth:

Pursuant to an investigation of violations of 21 U.S.C. Section 801 et seq., and as authorized by 18 U.S.C. Section 2703(c)(2), please provide the following for the dates between 04/28/2008 and 05/28/2008: - All customers/subscribers for the date range given, provide name and street and/or mailing address, - All telephone numbers assigned to customer/subscriber, - Provide billing name/address if different from customer or subscriber name/address, - Telephone number assigned to any customer or subscriber at address: for:
**804-561-3203**
Please provide records in electronic format (.csv, .xls, .pdf, .txt).

Please do not disclose the existence of this request or investigation for an indefinite time period. Any such disclosure could impede the criminal investigation being conducted and interfere with the enforcement of the Controlled Substances Act.

Please direct questions concerning this subpoena and/or responses to SA SA Mark Bertsch, 804-627-6376. In lieu of personal appearance, please email records to mark.bertsch@usdoj.gov or fax to 804-627-6353.

Place and time for appearance: At Do not appear on the 28th day of June, 2008.

Failure to comply with this subpoena will render you liable to proceedings in the district court of the United States to enforce obedience to the requirements of this subpoena, and to punish default or disobedience.

Issued under authority of Sec. 506 of the Comprehensive Drug
Abuse Prevention and Control Act of 1970, Public Law No. 91-513
(21 U.S.C. 876)

## ORIGINAL

Signature: _____
                              James E. Price, Jr.

Title: _____
                         Group Supervisor, Group 22

Issued this 28th day of May 2008

FORM DEA-79

# U.S. DEPARTMENT OF JUSTICE/DRUG ENFORCEMENT ADMINISTRATION
## SUBPOENA

In the matter of the investigation of
Case No: GZ-06-0014
Subpoena No. GZ-08-78809

**TO:** TDS TELECOM
**ATTN:**
**AT:** 525 JUNCTION ROAD
MADISON WI 53717

Phone: 608-664-4159
FAX: 608-299-3743

**GREETING:** By the service of this subpoena on you by SA Mark Bertsch who is authorized to serve it, you are hereby commanded and required to appear before SA Mark Bertsch, an officer of the Drug Enforcement Administration to give testimony and bring with you and produce for examination the following books, records, and papers at the time and place hereinafter set forth:

Pursuant to an investigation of violations of 21 U.S.C. Section 801 et seq., and as authorized by 18 U.S.C. Section 2703(c)(2), please provide the following for the dates between 04/28/2008 and 05/28/2008: - All customers/subscribers for the date range given, provide name and street and/or mailing address, - All telephone numbers assigned to customer/subscriber, - Provide billing name/address if different from customer or subscriber name/address, - Telephone number assigned to any customer or subscriber at address: for:
**804-561-3203**
Please provide records in electronic format (.csv, .xls, .pdf, .txt).

Please do not disclose the existence of this request or investigation for an indefinite time period. Any such disclosure could impede the criminal investigation being conducted and interfere with the enforcement of the Controlled Substances Act.

Please direct questions concerning this subpoena and/or responses to SA SA Mark Bertsch, 804-627-6376. In lieu of personal appearance, please email records to mark.bertsch@usdoj.gov or fax to 804-627-6353.

Place and time for appearance: At Do not appear on the 28th day of June, 2008.

Failure to comply with this subpoena will render you liable to proceedings in the district court of the United States to enforce obedience to the requirements of this subpoena, and to punish default or disobedience.

Issued under authority of Sec. 506 of the Comprehensive Drug
Abuse Prevention and Control Act of 1970, Public Law No. 91-513
(21 U.S.C. 876)

## ATTESTED COPY

Signature: _____

Title: _____

James R. Price, Jr.
Group Supervisor, Group 22

Issued this 28th day of May 2008

FORM DEA-79

**Public Law 513-91st Congress**
**2nd Session**
**H.R. 18583**
**AN ACT**

SEC. 506 (a) In any investigation relating to his functions under this title with respect to controlled substances, listed chemicals, tableting machines, or encapsulating machines, the Attorney General may subpoena witnesses, compel the attendance and testimony of witnesses, and require the production any records (including books, papers, documents, and other tangible things which constitute or contain evidence) which the Attorney General finds relevant or material to the investigation. The attendance of witnesses and the production of records may be required from any place in any State or in any territory or other place subject to the jurisdiction of the United States at any designated place of hearing; except that a witness shall not be required to appear at any hearing more than 500 miles distant from the place where he was served with a subpoena. Witnesses summoned under this section shall be paid the same fees and mileage that are paid witnesses in the courts of the United States.

(b) A subpoena issued under this section may be served by the person designated in the subpoena to serve it. Service upon a natural person may be made by personal delivery of the subpoena to him. Service may be made upon a domestic or foreign corporation or upon a partnership or other unincorporated association which is subject to suit under a common name, by delivering the subpoena to an officer, to a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process. The affidavit of the person serving the subpoena entered on a true copy thereof by the person serving it shall be proof of service.

(c) In the case of contumacy by or refusal to obey a subpoena to any person, the Attorney General may invoke the aid of any court in the United States within the jurisdiction of which the investigation is carried on or of which the subpoenaed person is an inhabitant, or in which he carries on business or may be found, to compel compliance with the subpoena. The court may issue an order requiring the subpoenaed person to appear before the Attorney General to produce records, if so ordered, or to give testimony touching the matter under investigation. Any failure to obey the order of the court may be punished by the court as a contempt thereof. All process in any such case may be served in any judicial district in which such person may be found.