IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| FRANK BOOKER, JR. | ) |
|                 Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 3:09cv00759 |
| DOMINION VIRGINIA POWER, *et al.*, | ) |
|                 Defendants. | ) |

## BRIEF IN SUPPORT OF MOTION TO DISMISS
## OF TDS TELECOMMUNICATIONS CORPORATION

Defendant TDS Telecommunications Corporation (TDS), by counsel, submits this brief in support of its motion to dismiss the Complaint, insofar as it asserts claims against TDS. The Complaint should be dismissed as against TDS on the grounds that it is barred in whole by 18 U.S.C. § 2703(e) and accordingly does not state a claim on which relief can be granted.

Section 2703(e) of Title 18 bars any cause of action against a telecommunications provider for providing information in response to a subpoena:

> No Cause of Action Against a Provider Disclosing Information Under This Chapter.— *No cause of action shall lie in any court against any provider of wire or electronic communication service*, its officers, employees, agents, or other specified persons *for providing information*, facilities, or assistance *in accordance with the terms of a* court order, warrant, *subpoena*, statutory authorization, or certification under this chapter.

18 U.S.C. § 2703(e) (emphasis added). The allegations of the Complaint establish that Mr. Booker's claims against TDS fall squarely within this prohibition.

The Complaint alleges that "Special Agent Mark Bertsch of the Drug Enforcement Administration faxed a subpoena to . . . TDS for personal records that related to Plaintiff." Complaint, ¶ 6. The Complaint further alleges that "In response to the alleged subpoena,

defendant TDS furnished Agent Bertsch with private information relating to a private phone account that Plaintiff had with TDS." Complaint, ¶ 8. Based on these allegations, the Complaint asserts counts for negligence, invasion of privacy/public disclosure of private facts, declaratory judgment, and punitive damages. Complaint, Counts I, II, III, and V.[1]

Consistent with both the Complaint and § 2703, the subpoena, a copy of which is attached to this brief as Exhibit A, states that it was served on TDS pursuant to 18 U.S.C. § 2703(c)(2). The Complaint does not allege that the subpoena was invalidly issued, that TDS had a policy against honoring faxed subpoenas, or that TDS was not within its rights to accept service of the subpoena via fax.[2]

To the contrary, it is clear from 18 U.S.C. § 2703(c)(2) that TDS acted lawfully in honoring the subpoena. That section requires a provider of communications services such as TDS to provide information in response to a subpoena such as the one served on TDS by Special Agent Bertsch:

> A provider of electronic communication service or remote computing service shall disclose to a governmental entity the—
>
> (A) name;
> (B) address;
> (C) local and long distance telephone connection records, or records of session times and durations;
> (D) length of service (including start date) and types of service utilized;
> (E) telephone or instrument number or other subscriber number or identity, including any temporarily assigned network address; and
> (F) means and source of payment for such service (including any credit card or bank account number), of a subscriber to or customer of such service when the governmental entity uses an administrative subpoena authorized

---

[1] Count IV by its terms is asserted only against Special Agent Bertsch.

[2] Insofar as the Complaint seeks to assert a claim against TDS for accepting service of the subpoena by fax, the right to insist on service by a particular means is a right personal to TDS which Mr. Booker lacks standing to assert or challenge.

by a Federal or State statute or a Federal or State grand jury or trial subpoena or any means available under paragraph (1).[3]

All of the counts asserted against TDS are based on the allegations in the Complaint that "defendant TDS furnished Agent Bertsch with private information," that the information related "to a private phone account that Plaintiff had with TDS," and that TDS provided the information "In response to the alleged subpoena." These allegations make clear that the claims Mr. Booker is asserting against TDS are claims against a "provider of wire or electronic communication service . . . for providing information . . . in accordance with the terms of a . . . subpoena . . . under this chapter." As such, these allegations bring the Complaint squarely within the scope of 18 U.S.C. § 2703(e). That section bars this action and establishes that Mr. Booker cannot state a claim against TDS.

Because Mr. Booker's claims are within the scope of § 2703(e)'s prohibition, he cannot assert his claims against TDS. The Court should dismiss the Complaint insofar as it asserts any claims against TDS.

TDS TELECOMMUNICATIONS CORPORATION

By: _____
　　　　　　　　　　　Counsel

---

[3] TDS was not required to give Mr. Booker advance notice that it was complying with the subpoena. Section 2703(c)(3) of Title 18 provides that "A governmental entity receiving records or information under this subsection is not required to provide notice to a subscriber or customer."

3

W. Jeffery Edwards (VSB# 20719)
William H. Wright, Jr. (VSB #25576)
HUNTON & WILLIAMS, LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219-4074
Telephone: (804) 788-8200
Facsimile: (804) 788-8218

Counsel for TDS Telecommunications Corporation

### CERTIFICATE OF SERVICE

I hereby certify that on December 21, 2009, I electronically filed the foregoing **BRIEF IN SUPPORT OF MOTION TO DISMISS OF TDS TELECOMMUNICATIONS CORPORATION** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

>Robin Perrin, Esq.
>Assistant United States Attorney
>OFFICE OF THE UNITED STATES ATTORNEY
>600 East Main Street, Suite 1800
>Richmond, Virginia 23219
>
>Counsel to Defendants Mark Bertsch and the United States

I also certify that on the same day I mailed a copy of the foregoing **BRIEF IN SUPPORT OF MOTION TO DISMISS OF TDS TELECOMMUNICATIONS CORPORATION** to:

>Andrew G. Mauck, Esq.
>Jennifer L. Morris, Esq.
>SETLIFF & HOLLAND, P.C.
>4940 Dominion Boulevard
>Glen Allen, Virginia 23060
>
>Counsel to Defendant Dominion Virginia Power

-and-

Mr. Frank Booker, Jr.
13015 Five Forks Road
Amelia, Virginia 23002

Plaintiff

/s/        W. Jeffery Edwards (VSB# 20719)
           William H. Wright, Jr. (VSB# 25576)
           HUNTON & WILLIAMS LLP
           Riverfront Plaza, East Tower
           951 East Byrd Street
           Richmond, Virginia 23219-4074
           Telephone: (804) 788-8200
           Facsimile: (804) 788-8218
           Email: cwright@hunton.com

           *Counsel for TDS Telecommunications Corporation*

5

MAY 28 2008 17:27 FR RDO                     8046276353 TO 816082993743         P.02/03

## U.S. DEPARTMENT OF JUSTICE/DRUG ENFORCEMENT ADMINISTRATION
## SUBPOENA

In the matter of the investigation of
Case No: GZ-06-0014
Subpoena No. GZ-08-78809

**TO:** TDS TELECOM  
**ATTN:**  
**AT:** 525 JUNCTION ROAD  
MADISON WI 53717

Phone: 608-664-4159  
FAX: 608-299-3743

**GREETING:** By the service of this subpoena on you by SA Mark Bertsch who is authorized to serve it, you are hereby commanded and required to appear before SA Mark Bertsch, an officer of the Drug Enforcement Administration to give testimony and bring with you and produce for examination the following books, records, and papers at the time and place hereinafter set forth:

Pursuant to an investigation of violations of 21 U.S.C. Section 801 et seq., and as authorized by 18 U.S.C. Section 2703(c)(2), please provide the following for the dates between 04/28/2008 and 05/28/2008: - All customers/subscribers for the date range given, provide name and street and/or mailing address, - All telephone numbers assigned to customer/subscriber, - Provide billing name/address if different from customer or subscriber name/address, - Telephone number assigned to any customer or subscriber at address: for:
**804-561-3203**
Please provide records in electronic format (.csv, .xls, .pdf, .txt).

Please do not disclose the existence of this request or investigation for an indefinite time period. Any such disclosure could impede the criminal investigation being conducted and interfere with the enforcement of the Controlled Substances Act.

Please direct questions concerning this subpoena and/or responses to SA SA Mark Bertsch, 804-627-6376. In lieu of personal appearance, please email records to mark.bertsch@usdoj.gov or fax to 804-627-6353.

Place and time for appearance: At Do not appear on the 28th day of June, 2008.

Failure to comply with this subpoena will render you liable to proceedings in the district court of the United States to enforce obedience to the requirements of this subpoena, and to punish default or disobedience.

Issued under authority of Sec. 506 of the Comprehensive Drug
Abuse Prevention and Control Act of 1970, Public Law No. 91-513
(21 U.S.C. 876)

**ATTESTED COPY**

Signature: _____  
            James R. Price, Jr.  
Title: _____  
            Group Supervisor, Group 22

Issued this 28th day of May 2008

FORM DEA-79

**EXHIBIT A**

## Public Law 513-91st Congress
## 2nd Session
## H.R. 18583
## AN ACT

SEC. 506 (a) In any investigation relating to his functions under this title with respect to controlled substances, listed chemicals, tableting machines, or encapsulating machines, the Attorney General may subpoena witnesses, compel the attendance and testimony of witnesses, and require the production any records (including books, papers, documents, and other tangible things which constitute or contain evidence) which the Attorney General finds relevant or material to the investigation. The attendance of witnesses and the production of records may be required from any place in any State or in any territory or other place subject to the jurisdiction of the United States at any designated place of hearing; except that a witness shall not be required to appear at any hearing more than 500 miles distant from the place where he was served with a subpoena. Witnesses summoned under this section shall be paid the same fees and mileage that are paid witnesses in the courts of the United States.

(b) A subpoena issued under this section may be served by the person designated in the subpoena to serve it. Service upon a natural person may be made by personal delivery of the subpoena to him. Service may be made upon a domestic or foreign corporation or upon a partnership or other unincorporated association which is subject to suit under a common name, by delivering the subpoena to an officer, to a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process. The affidavit of the person serving the subpoena entered on a true copy thereof by the person serving it shall be proof of service.

(c) In the case of contumacy by or refusal to obey a subpoena to any person, the Attorney General may invoke the aid of any court in the United States within the jurisdiction of which the investigation is carried on or of which the subpoenaed person is an inhabitant, or in which he carries on business or may be found, to compel compliance with the subpoena. The court may issue an order requiring the subpoenaed person to appear before the Attorney General to produce records, if so ordered, or to give testimony touching the matter under investigation. Any failure to obey the order of the court may be punished by the court as a contempt thereof. All process in any such case may be served in any judicial district in which such person may be found.