IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

FRANK BOOKER, JR.,

          Plaintiff,

v.

DOMINION VIRGINIA POWER, et al.,

          Defendants.

Civil Action Number 3:09cv759

**MEMORANDUM OPINION**

This matter is before the Court on the *pro se* proposed plaintiff-intervenor's motion to intervene (Docket No. 13). Defendants Dominion Virginia Power ("Dominion") and the United States of America and Special Agent Mark Bertsch of the Drug Enforcement Administration (DEA) ("United States" and "Bertsch") have responded, and the proposed plaintiff-intervenor has failed to file a reply within the time allowed by the Court in its Order of February 17, 2010. The Court finds that the decision-making process would not be aided by oral argument and that this motion is ripe for adjudication.

The proposed plaintiff-intervenor, Benjamin Thompkins, Jr. ("Thompkins" or "proposed plaintiff-intervenor") seeks to intervene in this case that was filed by his stepfather, Frank Booker. On July 22, 2008, Thompkins was indicted on four counts: (1) Possession with Intent to Distribute 50 Grams or More of Cocaine Base; (2) Possession of a Firearm in Furtherance of a Drug Trafficking Crime; (3) Possession of a Firearm and Ammunition by a Convicted Felon; and (4) Manufacture and Possess with the Intent to Distribute Marijuana. On November 20, 2008, a jury found Thompkins guilty on all four counts. Thompkins was sentenced to a total term of 300 months

consisting of 240 months on Count One, 60 months on Count Two to be served consecutively, and 120 months on each of Counts Three and Four, to be served concurrently.

Thompkins noted an appeal, and the appeal is currently pending in the United States Court of Appeals for the Fourth Circuit. Five issues were raised on appeal: (1) "whether or not the warrant was valid on its face or lacked probable cause in violation of [Thompkins'] Fourth Amendment rights to [be free from] unreasonable search and seizure;" (2) "whether a good faith exception applies to whether the officer who issued the affidavit and participated in the search should have known that the search was illegal despite the magistrate's authorization as the affidavit lacked proper terms and explanations to establish probable cause;" (3) "whether it is abuse of discretion to deny a motion for continuance where a subpoena duces tecum for critical evidence has been issued but not yet complied with;" (4) "whether counsel provided ineffective assistance in failing to properly litigate and follow up [on] the motion to suppress where evidence is discovered that tends to show that an agent misled the magistrate in obtaining the issuance of a search warrant;" and (5) "whether it was clear error for the court to find good faith in denying the motion to suppress where the agent was dishonest or reckless in preparing the affidavit in support of probable cause and the magistrate was misled by information in the affidavit that the officer knew was false."

Thompkins' proposed complaint challenges the administrative subpoenas that were issued to defendants Dominion and TDS Telecommunications Corporation ("TDS") in connection with the criminal investigation of Thompkins. His claims against defendant Dominion are as follows: Count One - Negligence; Count Two - Invasion of Privacy; Count Three - Declaratory Judgment; Count Four - Negligent Infliction of Emotional Distress; Count Five - Tortious Interference with Contractual Relations; and Count Six - Punitive Damages. His claims against defendants United States and Bertsch are as follows: Count Seven, against Bertsch in his individual capacity – Civil

Rights Violation under Section 1983; Count Eight, against Bertsch - Fraud; and Count Nine, against the United States - Federal Tort Claim[s] Act.

Thompkins seeks to intervene under Federal Rule of Civil Procedure 24(b), which addresses permissive intervention. Rule 24(b)(1)(B) provides in relevant part: "On timely motion, the court may permit anyone to intervene who: . . . has a claim or defense that shares with the main action a common question of law or fact." Rule 24(b)(3) provides that "[i]n exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." "Intervention is a procedural device that attempts to accommodate two competing policies: efficiently administrating legal disputes by resolving all related issues in one lawsuit, on the one hand, and keeping a single lawsuit from becoming unnecessarily complex, unwieldy or prolonged, on the other hand." *United States v. Pitney Bowes, Inc.*, 25 F.3d 66, 69 (2d Cir. 1994). "District courts, of course, are vested with substantial discretion to deny permissive intervention where inappropriate []." *Shaw v. Hunt*, 154 F.3d 161, 168 (4th Cir. 1998).

With regard to Thompkins' claims against the United States and Bertsch, those claims are barred by the "favorable termination" doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994). To recover damages against the United States or a federal official for an allegedly unconstitutional conviction or for unlawful actions that would render a conviction or sentence invalid, a "plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486-87. The Supreme Court continued: "A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983." *Id.* at 487 (emphasis in original). Under *Heck*, the critical question is whether the § 1983 claim "necessarily" implies the invalidity of the state-court conviction. *See Hill v. McDonough*, 547 U.S. 573, 583 (2006). In the

3

matter of Thompkins, there is no doubt that his claims "necessarily" imply the invalidity of the underlying federal convictions.

Central to the Court's holding in *Heck* was the Court's desire to avoid a collateral attack that could create judicial inconsistency, *i.e.* the award of a monetary judgment in compensation for an unconstitutional conviction while the underlying criminal conviction remained valid. *See also Wilson v. Johnson*, 535 F.3d 262, 265 (4th Cir. 2008) (noting that "*Heck*'s holding precludes a prisoner from a collateral attack that may result in two inconsistent results."). In addition to avoiding conflicting resolutions of the same issue, the Supreme Court's decision in *Heck* also aimed to prevent the expansion of collateral attack through the improper use of civil tort actions challenging criminal convictions. *See Heck*, 512 U.S. at 484-86. Those convicted of federal crimes may attack their convictions through direct appeal, as Thompkins has done, and thereafter, should the appeal be unsuccessful, by filing a petition pursuant to Title 28, United States Code, Section 2255, generally referred to as a habeas corpus petition. Since all of the claims against the United States and Bertsch are premised on the allegedly unlawful conduct of Bertsch in connection with his investigation of Thompkins for violations of federal controlled substance and firearms laws, an investigation that led to convictions on the four charges as previously described herein, and since these claims necessarily imply the invalidity of the underlying federal convictions, these claims are barred under *Heck v. Humphrey*. Accordingly, it would be futile to grant Thompkins' motion to intervene as to Bertsch and the United States since it would necessarily result in an immediate dismissal of these claims.

Further, as noted, Thompkins has filed an appeal with the United States Court of Appeals, which is the proper forum for him to challenge the legality of his convictions. There is significant overlap between the legal issues raised in the criminal appeal and the claims Thompkins makes in his proposed complaint in this matter against the United States, Bertsch, and Dominion. For

example, in paragraph 28 of his proposed complaint in this matter, Thompkins alleges that Bertsch violated his Fourth and Fourteenth Amendment rights by unlawfully searching his home and seizing personal property belonging to him and others. *See* Proposed Complaint (attached Exhibit A to Docket No. 13). He also raises this issue in his notice of appeal. *See* Appellant's Brief at 21 (attached as Exhibit A to Dominion's opposition to motion to intervene (Docket No. 22)). Thompkins alleges in paragraph 31 of his proposed complaint that Bertsch defrauded Thompkins and others on November 20, 2008 by stating under oath that he faxed a subpoena to Dominion for power use records pertaining to Thompkins and others. On appeal, he argues that the good faith exception did not apply to Bertsch's reliance upon the allegedly defective search warrant, arguing in part that "[p]ower records were obtained to support probable cause, yet evidence surfaced that the records were not obtained properly." *See* Appellant's Brief at 21. There are other issues that overlap. Accordingly, it would be both a waste of judicial resources and inappropriate for this Court to address the merits of Thompkins' complaint as to any of the defendants given that many of the same issues are pending on appeal.[1]

Further, Thompkins' motion to intervene was untimely. Whether a motion to intervene is timely must be determined based on all the circumstances. *Hill Phoenix, Inc. v. Systematic Refrigeration*, 117 F. Supp. 2d 508, 514 (E.D. Va. 2000). The Fourth Circuit has listed several factors, including the point to which the suit has progressed and the length of time the applicant knew, or should have known, of the litigation, but the most important factor is the "prejudice caused to the other parties by the delay. *Id.* (citing *Spring Constr. Co. v. Harris*, 614 F.2d 374, 377 (4th Cir.

---

[1] Generally, the filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal. *Griggs. v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). While this general rule does not technically apply since the pending motion to intervene was filed in a related civil case rather than in the original criminal case, the policy goals of preventing the waste of judicial resources and avoiding inconsistent rulings do apply.

1980)). Thompkins filed his motion to intervene six months after Booker filed his complaint in the Circuit Court for Amelia County. Further, given the significant overlap between the issues raised in Thompkins' criminal appeal and the claims in his proposed complaint, this Court could not move forward with regard to Thompkins' claims until there is a decision from the Court of Appeals, thus creating more delay and prejudice to the other parties.

A court must also consider whether the proposed intervenor is "likely to contribute significantly to the development of the underlying factual issues." *League of United Latin. Am. Citizens v. Clements*, 884 F.2d 185, 189 (5th Cir. 1989) (movant not allowed to intervene because its input would not significantly help develop factual issues). *See also H.L. Hayden Co. v. Siemens Med. Sys., Inc.*, 797 F.2d 85, 89 (2d Cir. 1986) (noting that factors to consider include "whether parties seeking intervention will significantly contribute to full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented.") (internal citations omitted). While there may be a shared claimed interest in the expectation of privacy in power records, the claims are quite different. Booker's claims are those of a neighbor of a person suspected of criminal wrongdoing, while Thompkins is the person suspected of criminal conduct. Thompkins' intervention would not contribute to the underlying factual issues. In fact, it would introduce collateral facts and issues and unnecessarily complicate this litigation.

Accordingly, for all these reasons, the motion to intervene will be denied.

An appropriate Order shall issue.

March 26, 2010  /s/
DATE  RICHARD L. WILLIAMS
SENIOR UNITED STATES DISTRICT JUDGE